**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-20376-CV-WILLIAMS**

JUAN CARLOS TREJO-BAUTISTA,

    Petitioner,

v.

PRESIDENT OF THE UNITED STATES, *et al.*,

    Respondents.
_____/

## ORDER

**THIS MATTER** is before the Court on Petitioner Juan Carlos Trejo-Bautista's ("***Petitioner***" or "***Mr. Trejo-Bautista***") Petition for Writ of Habeas Corpus (DE 1) ("***Petition***"). Respondents filed a Return in Opposition (DE 10) ("***Response***"), and Petitioner filed a Reply (DE 12). For the reasons discussed below, Mr. Trejo-Bautista's Petition (DE 1) is **GRANTED IN PART.**

    **I.**    **FACTUAL BACKGROUND**

Mr. Trejo-Bautista is a Mexican citizen who has resided in the United States consistently since April 2011. (DE 1 ¶ 1; DE 10-1). Mr. Trejo-Bautista entered the United States on or about April 16, 2011 and was apprehended by U.S. Border Patrol near Pisinemo, Arizona. (DE 10-1 at 2). On April 17, 2011, United States Customs and Border Protection ("***CBP***") issued a warrant for Mr. Trejo-Bautista's arrest and a Notice to Appear ("**2011 *NTA***"). (DE 10-3; DE 10-4). The 2011 NTA indicated that Mr. Trejo-Bautista was an alien present in the United States who had not been admitted or paroled. (DE 10-4). On June 1, 2011, an Immigration Judge authorized Mr. Trejo-Bautista's release from

custody upon the posting of a $10,000 bond. (DE 10-6). Mr. Trejo-Bautista was subsequently released upon posting bond. (DE 10 at 2).

On November 4, 2025, Mr. Trejo-Bautista was apprehended by Immigration and Customs Enforcement ("*ICE*") after being acquitted of a charged crime. (DE 1 ¶ 4; DE 10 at 2). "ICE/ERO Pensacola was notified of [Mr. Trejo-Bautista's] release . . . from USMS custody." (DE 10-2). A warrant for Mr. Trejo-Bautista's arrest was issued on November 5, 2025, and Mr. Trejo-Bautista was transferred to ICE custody on or about November 6, 2025. (DE 10-5).

Mr. Trejo-Bautista filed this five-count Petition, essentially arguing that he is not "subject to mandatory detention under 8 U.S.C. § 1225(b)(2)". (DE 1 ¶ 31). Mr. Trejo-Bautista requests that the Court either require Respondents to release him or to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. (*Id.* at 15). Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and his Petition should be denied accordingly." (DE 10 at 3).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. *Administrative exhaustion is not required.*

Respondents argue that this Court should dismiss the Petition for failure to exhaust administrative remedies. (DE 10 at 12). However, courts do not require litigants to exhaust administrative remedies "where no genuine opportunity for adequate relief exists." *Linsford v. U.S.*, 673 F.2d 332, 334 (11th Cir. 1982). As noted by several other courts in this District, exhaustion is not required where immigration judges, through their reliance on *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025),[1] are improperly subjecting noncitizens present in the United States without admittance or parole, to mandatory detention without the possibility of bond. *See*, *e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, J.) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."); *see also Ardon-Quiroz v. Asst. Field Dir.*, No. 25-cv-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.) (finding exhaustion not required where, "considering *In re Yajure Hurtado*, it appear[ed] evident that a noncitizen like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2)"). Mr. Trejo-Bautista has resided in the United States since 2011 but has not been admitted or paroled. (DE 1 ¶ 21; DE 10 at 1-2). In light of *Matter of Yajure Hurtado*, it appears evident that Mr. Trejo-Bautista is, and will continue to be, unlawfully subject to mandatory detention without a

---

[1] In *Matter of Yajure Hurtado*, the Board of Immigration Appeal concluded that "[t]he Immigration Judge properly held that he lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and the regulation at 8 C.F.R. § 235.3(b)(1)(ii)."

bond hearing. For this reason, administrative exhaustion by Mr. Trejo-Bautista is not required "where no genuine opportunity for adequate relief exists" within the immigration courts. *Linsford*, 673 F.2d at 334.

### B. Judicial review of Petitioner's claims is not barred by 8 U.S.C. § 1252.

Respondents argue the Court has been stripped of jurisdiction over Mr. Trejo-Bautista's claims by 8 U.S.C. §§ 1252(g) and (b)(9). (DE 10 at 13–17). Each argument fails.

Section 1252(g) strips courts' jurisdiction over "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" "The provision applies only to the three discrete actions the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999) ("***A.A.D.C.***") (quoting § 1252(g)). Section "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, United States Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Similarly, § 1252(b)(9) limits "[j]udicial review of all questions . . ., including interpretation and application of constitutional and statutory provisions, arising from any

action take or proceeding brought to remove a[ non-citizen] from the United States under th[at] subchapter." Like its "neighboring provision," § 1252(g), this language must be construed narrowly, not to "sweep in any claim that can technically be said to 'arise from'" a removal proceeding. *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)

"Here, Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decision to commence or adjudicate his removal proceedings. Instead, Petitioner challenges his ongoing detention, which is not a claim barred by § 1252(g)." *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025). Likewise, when a petitioner argues that they are entitled to a bond determination under § 1226, they are "not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Jennings*, 583 U.S.at 294–95; *see also Arnott*, --F. Supp. 3d--, 2025 WL 3229132, at *2 (when claiming petitioner is detained subject to § 1226 rather than § 1225, "[p]etitioner is not challenging any of the[] decisions or actions" carved out in § 1252(g) and (b)(9), "so [those] provisions do not deprive the [c]ourt of jurisdiction"); *Barros*, 2025 WL 3154059, at *3 (same); *Boffill*, 2025 WL 3246868, at *3–4 (same); *Orozco-Martinez v. Lynch*, No. 1:25-cv-1353, 2025 WL 3223786, at *2–3 (W.D. Mich. Nov. 19, 2025) (same); *J.A.M. v. Streeval*, No. 4:25-cv-342, 2025 WL 3050094, at *2 (M.D. Ga. Nov. 1, 2025) (same). Therefore, the Court has subject matter jurisdiction over Mr. Trejo-Bautista's claims and will consider the merits.

### C. Relevant Immigration Statutes

Two statutes govern the detention of noncitizens: 8 U.S.C. §§ 1225 and 1226. The Court begins by addressing these.

### *i.* 8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Moreover, "Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such non-citizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the non-citizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the non-citizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Non-citizens covered under § 1225(b)(2) are detained for

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas § 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii. 8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. With this background in mind, the Court now analyzes which statute applies to Petitioner.

### D. Whether § 1225 or § 1226 Applies

The primary issue is whether § 1225 or § 1226 governs Mr. Trejo-Bautista's detention. Respondents argue that Mr. Trejo-Bautista is mandatorily detained under § 1225. (DE 10 at 4–12). The Court disagrees.

As a threshold matter, this is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) ("[This case] requires the Court to decide whether § 1226(a) or § 1225(b)(2)(A) applies to [Petitioner]. To answer the question, the Court must determine how the two sections interplay with one another. . . . Ultimately, the issue boils down to a matter of statutory interpretation. And matters of statutory interpretation belong

historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sep. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *Gomes,* 2025 WL 1869299, at *8 n.9 ("[T]o the extent . . . the BIA would conclude that Gomes is subject to mandatory detention under Section 1225(b)(2), this Court respectfully disagrees with that conclusion. Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

This Court and countless others have uniformly rejected the Government's expansive interpretation of § 1225.[3] *See e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, DE 41, (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Harsh Patel v. Crowley*, No. 25-11180, 2025 U.S. Dist. LEXIS 209958, at *9–12 (N.D. Ill. Oct. 24, 2024); *Esquivel-Ipina v. Larose*, No. 25-cv-2672, 2025

---

[3] This string citation is non-exhaustive. The Court has ceased attempting to catalog every district court decision addressing this issue but is aware of approximately 3,500 decisions nationwide reaching the same conclusion.

**Page 8 of 13**

U.S. Dist. LEXIS 210275, at *9–12 (C.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 U.S. Dist. LEXIS 209629, at *14–17 (W.D. Mich. Oct. 24, 2025); *Lopez v. Hyde*, 25-12680, 2025 U.S. Dist. LEXIS 209916, at *4–5 (D. Mass. Oct. 24, 2025); *Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2986316, at *3 (D. Me. Oct. 23, 2025); *Lomeu v. Soto*, 25-cv-16589, 2025 WL 2981296, at *7–8 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025); *Aparicio v. Noem*, 2025 U.S. Dist. LEXIS 208898, at *12–13 (D. Nev. Oct. 23, 2025); *Loa Caballero v. Baltazar,* No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Soto v. Soto,* No. 25-cv-16200, 2025 U.S. Dist. LEXIS 207818, at *16–19 (D.N.J. Oct. 22, 2025); *Garcia v. Noem*, 25-cv-02771, 2025 U.S. Dist. LEXIS 209286, at *10–15 (C.D. Cal. Oct. 22, 2025); *Aguiar v. Moniz*, No. 25-cv-12706, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); *Rivera v. Moniz*, 25-cv-12833, 2025 WL 2977900, at *1–2 (D. Mass. Oct. 22, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 U.S. Dist. LEXIS 207162, at *22 (E.D. Mich. Oct. 21, 2025); *Maldonado de Leon v. Baker*, No. 25-3084, 2025 WL 2968042, at *7 (D. Md. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 U.S. Dist. LEXIS 207165, at *12, 16–17 (E.D. Mich. Oct. 21, 2025); *Miguel v. Noem*, 25-11137, 2025 WL 2976480, at *6 (N.D. Ill. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729, at *2 (E.D. Va. Oct. 21, 2025); *Matheus Araujo DA Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025); *Barahona v. Hyde*, No. 25-cv-12551, 2025 U.S. Dist. LEXIS 205964, at *4–5 (D. Mass. Oct. 20, 2025); *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610, at *4–6 (N.D. Ill. Oct. 20, 2025); *Gonzalez v. Hyde*, No. 25-8250, 2025 U.S. Dist. LEXIS 208578, at *10–11 (S.D.N.Y. Oct. 19, 2025);

*Polo v. Chestnut*, No. 25-cv-01342, 2025 WL 2959346, at *11 (E.D. Cal. Oct. 17, 2025); *Sanchez v. Minga Wofford, Warden, Mesa Verde Immigr. Processing Ctr.*, No. 25-cv-01187, 2025 WL 2959274, at *3 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Juan Baltasar, Warden, Denver Cont. Det. Facility*, No. 25-cv-2720, 2025 U.S. Dist. LEXIS 208448, at *12–27 (D. Colo. Oct. 17, 2025); *Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *4–6 (W.D. Mich. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879, at *1 (D. Mass. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, 25-cv-13056, 2025 WL 2978529, at *6–9 (E.D. Mich. Oct. 17, 2025); *Diaz Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517, at *6–9 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL 2952796, at *6–8 (E.D. Mich. Oct. 17, 2025); *Ochoa v. Noem*, No. 25-10865, 2025 WL 2938779, at *4–6 (N.D. Ill. Oct. 16, 2025); *Hernandez v. Crawford*, No. 25-cv-01565, 2025 WL 2940702, at *2 (E.D. Va. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298, at *3 (D. Me. Oct. 16, 2025); *Tut v. Noem*, No. 25-cv-02701, 2025 U.S. Dist. LEXIS 204616, at *9 (C.D. Cal. Oct. 16, 2025); *Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *8 (N.D. Cal. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950184, at *2–3 (E.D. Va. Oct. 15, 2025); *Singh v. Lyons*, 25-cv-01606, 2025 WL 2932635, at *2–3 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, 25-cv-02027, 2025 WL 2896348, at *7–9 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 U.S. Dist. LEXIS 206547, at *21 (D. Haw. Oct. 10, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526, at *5 (N.D. Cal. Oct. 9, 2025); *Donis v. Chestnut*, No. 25-01228, 2025 WL 287514, at *11 (E.D. Cal. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *3 (S.D. Tex. Oct. 8, 2025);

*Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025); *Gonzalez v. Bostock*, 25-cv-01404, 2025 WL 2841574, at *3–4 (W.D. Wash. Oct. 7, 2025); *Hyppolite*, 2025 WL 2829511, at *12; *Artiga v. Genalo*, No. 25-5208, 2025 WL 2829434, at *7 (E.D.N.Y. Oct. 5, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07826, 2025 WL 2822876, at *15 (N.D. Cal. Oct. 3, 2025); *Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025); *Silva v. United States Immigr. & Customs Enf't*, No. 25-cv-284, 2025 U.S. Dist. LEXIS 191101, at *6–7 (D.N.H. Sep. 29, 2025); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *10 (D. Me. Sep. 29, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-00437, 25-cv-00438, 25-cv-00439, 2025 WL 2688541, at *6–9 (D. Me. Sep. 22, 2025); *Barrera v Tindall*, No. 25-cv-541, 2025 WL 2690565, at *5 (W.D. Ky. Sep. 19, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *6–8 (N.D. Cal. Sep. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Lopez Santos v. Noem*, No. 3:25-cv-01193, 2025 WL 2642278, at *3–5 (W.D. La. Sep. 11, 2025); *Jimenez v. FCI Berlin*, No. 25-cv-326, 2025 WL 2639390, at *5–10 (D.N.H. Sep. 8, 2025); *Doe v. Moniz*, 25-cv-12094, 2025 WL 2576819, at *5 (D. Mass. Sep. 5, 2025); *Garcia v. Noem*, No. 25-cv-01180, 2025 WL 2549431, at *5–7 (S.D. Cal. Sep. 3, 2025); *Francisco v. Bondi*, No. 25-cv-03219, 2025 WL 2629839, at *2–4 (D. Minn. Aug. 29, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *5–8 (E.D. Mich. Aug. 29, 2025); *Diaz*

*v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610, at *3 (D. Mass. Aug. 27, 2025); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Benitez v. Noem*, No. 25-cv-02190, 2025 U.S. Dist. LEXIS 171945, at *8–12 (C.D. Cal. Aug. 25, 2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *11–13 (D. Mass. Aug. 19, 2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *11–12 (D. Minn. Aug. 15, 2025); *dos Santos v. Noem*, 25-cv-12052, 2025 WL 2370988, at *6–8 (D. Mass. Aug. 14, 2025); *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4–9 (S.D.N.Y. Aug. 13, 2025); *Rosado v. Figueroa*, No. 25-12157, 2025 WL 2337099, at *6–11 (D. Ariz. Aug. 11, 2025) *report and recommendation adopted by*, 2025 WL 2349133 (Aug. 13, 2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 U.S. Dist. LEXIS 171364, at *13–16 (C.D. Cal. July 28, 2025); *Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238, at *5–9 (D. Mass. July 24, 2025); *Gomes*, 2025 WL 1869299, at *5–8; *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–61 (W.D. Wash. 2025). The Court finds no reason to depart from these decisions here.[4]

Because Mr. Trejo-Bautista is detained under § 1226, he is entitled to an individualized bond hearing before an immigration judge.

---

[4] The Court recognizes the Fifth Circuit's recent, divided opinion in *Victor Buenrostro-Mendez v. Bondi*, which runs contrary to the legion of lower court decisions cited in this Order. No. 25-20496, 2026 WL 323330 (5th Cir. 2026). However, the Fifth Circuit's decision is not binding on this Court. *Carmichael v. United States*, No. 19-12298, 2022 WL 908943, at *3 (11th Cir. 2022) ("The decisions of other circuit courts are not binding on district courts within this Circuit."). Moreover, as Judge Douglas sets forth in her dissent, the majority opinion ignores the fact that the Government's "newly discovered mandate arrives without historical precedent . . . [and the fact that] the overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position is totally unsupported . . . [and] ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme[.]" *Id.* at 10. Accordingly, without Eleventh Circuit guidance, this Court will not adopt the Government's expansive reading of § 1225.

A. **CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Mr. Trejo-Bautista's Petition (DE 1) is **GRANTED IN PART**.[5]

2. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **March 9, 2026**, or otherwise release Petitioner by that time.

3. Respondents shall file a notice with the Court on or before **March 10, 2026** confirming and detailing their compliance with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4th day of March, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[5] The Court will not address Mr. Trejo-Bautista's request for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 in the Petition's prayer for relief. *See* (DE 1 at 15). Should Petitioner wish the Court to consider the request, Petitioner must file a timely motion, which meets all other statutory requirements. *See* § 2412(d).